Frank Frisenda  (State Bar No. 85580)
FRISENDA, QUINTON & NICHOLSON
11601 Wilshire Boulevard, Suite 500
Los Angeles, California  90025
Tel.: (702) 792-3910
Fax:  (702) 436-4176
E-Mail:  frankfrisenda@aol.com
Attorney for Plaintiff
EVER WIN INTERNATIONAL CORPORATION

FILED
CLERK, U.S. DISTRICT COURT

APR 1 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVER WIN INTERNATIONAL CORPORATION, a California corporation, | CV13-02601-GHK(RZx) |
| | Case No. |
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT |
| vs. | JURY TRIAL DEMANDED |
| E.S.I. CASES & ACCESSORIES, INC., a New York corporation; and DOES 1 thru 10, inclusive, | |
| Defendants. | |

Plaintiff, EVER WIN INTERNATIONAL CORPORATION (hereinafter "Plaintiff" or "Plaintiff Ever Win") complains of Defendant E.S.I. Cases & Accessories, Inc. (hereinafter referred to as "Defendant" or "Defendant E.S.I.") and alleges as follows:

1

ORIGINAL

## PARTIES

1. Plaintiff, Ever Win International Corporation ("Ever Win") is a California corporation having a principal place of business at 17579 Railroad Street, City of Industry, California, 91748.

2. Upon information and belief, Defendant E.S.I. Cases & Accessories, Inc. ("E.S.I.") is a New York corporation with its principal place of business located at 240 Madison Avenue, New York, New York 10016. Defendant's agent for service of process is its Chief Executive Officer, Elliot Azoulay, 1560 E. 5th Street, Brooklyn, New York 11230.

3. On information and belief, Defendant has for many years engaged in substantial business activities in California and continues to engage in such activities by, among other things, designing, manufacturing, promoting, offering for sale, and selling its goods, including the accused products, to end-users and customers located in California.

4. The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as DOES 1 through 10 are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege the true names and capacities of said Defendants when they have ascertained such information. Plaintiff is informed and believes that each of the Defendants named herein as DOES 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiff by reasons thereof.

5. On October 26, 2010, U.S. Design Patent No. D626,072 S ("the '072 patent") was duly and legally issued to Joseph Shien Tang Tseng and Joseph B. Sainton, for an invention entitled "Dual USB Active Cigarette Lighter Adapter Plug with Capture." The patent has since been assigned to Ever Win International Corporation. (Appended hereto as Exhibit "1" is a true and correct copy of U.S. Design Patent D626,072 S).

6. Plaintiff Ever Win as the owner of record by assignment has the right to bring suit under the '072 patent.

7. On September 28, 2010, U.S. Design Patent No. D624,501 S ("the '501 patent") was duly and legally issued to Jackson Chun Chan, for an invention entitled "Dual USB Active Cigarette Lighter Adapter Plug." The patent has since been assigned to Ever Win International Corporation. (Appended hereto as Exhibit "2" is a true and correct copy of U.S. Design Patent D624,501 S).

COMPLAINT FOR PATENT INFRINGEMENT

8.  Ever Win as the owner of record by assignment has the right to bring suit under the '501 patent.

9.  Plaintiff Ever Win is a manufacturer, distributor, and seller, *inter alia*, of Cigarette Lighter Adapters   ("CLAs") and is in direct competition with the Defendants.

10.  Plaintiff Ever Win's CLAs includes its model No. "Bullet VPC DC 201008" (hereinafter "Plaintiff's Bullet CLA") as shown in Exhibit "3" hereto.

<u>JURISDICTION AND VENUE</u>

11. This  action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  The Court has subject matter jurisdiction over the patent infringement claims under 28 U.S.C. § 1338(a).  Additionally, although not necessary, the Court also has diversity jurisdiction under 28 U.S.C. § 1332.

12. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391, 1400(b).

COUNT I
<u>PATENT INFRINGEMENT UNDER 35 U.S.C. § 271</u>
(U.S. PATENT NO. D626,072S)

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein.

14. Section 271 of the Patent Act provides that anyone who, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States … infringes the patent."  35 U.S.C. § 271(a).   The E.S.I. Defendants are currently, and have been, distributing, selling, or offering to sell, various CLAs infringing Plaintiff's '072 patent.

15. Defendants' design manufacture, import, offer to sell, and sell knock-off CLAs at least one of which is identified by Defendants as ""Duracell Dual Mini-Charger" (E.S.I.'s Model No. SKU 6704045)".  (Appended hereto as Exhibit "4" is a photograph of one of said Defendant's CLAs).

16. Defendants are infringing the claimed design in Plaintiff's '072 patent by offering to sell, selling, and having sold such  knock-off CLA units at least since the issuance of the '072 patent.

17. Defendants have been, and still are, infringing, by actively inducing others to infringe, and contributorily infringing the '072 patent throughout the country.

18. On information and belief, Defendants have had actual and/or constructive notice of the existence of Ever Win's '072 patent rights, and notice of infringement thereof, at least since February 24, 2012, and continued in their infringing activities. Defendant E.S.I. was advised of the infringement of Ever Win's patent rights at least as early as February 24, 2012 and continued in their infringing activities relating to Defendants' knock-off CLAs (Exhibit 4).

19. On information and belief, Defendants have willfully infringed Plaintiff's '072 patent. Plaintiff Ever Win expects that future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery.

20. Plaintiff Ever Win has been, and will continue to be, irreparably harmed by Defendants' infringing conduct unless Defendants are enjoined by this Court.

## COUNT I

### PATENT INFRINGEMENT UNDER 35 U.S.C. § 271
### (U.S. PATENT NO. D624,501 S)

21. Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. Section 271 of the Patent Act provides that anyone who, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States … infringes the patent." 35 U.S.C. § 271(a).   The E.S.I. Defendants have been, and are currently distributing, selling, or offering to sell, various CLAs infringing Plaintiff's '501 patent.

23. Defendants' design, manufacture, import, offer to sell, and sell knock-off CLAs, at least one of which is identified by Defendants as "Duracell Dual Mini USB Car Charger, Model No. DU6117". (Appended hereto as Exhibit "5" is a photograph of one of said Defendant's CLAs).

24. Defendants are infringing the claimed design in Plaintiff's '501 patent by offering to sell, selling, and having sold such CLA units (Shown in Exhibit 5) at least since September 28, 2010.

25. Defendants have been, and still are, infringing, by actively inducing others to infringe, and contributorily infringing the '501 patent throughout the country.

COMPLAINT FOR PATENT INFRINGEMENT

26. On information and belief, Defendants have had actual and/or constructive notice of the existence of Ever Win's '501 patent rights, and notice of infringement thereof at least since November 8, 2012, and continued in their infringing activities relating to Defendants' CLA ( Exhibit 5).

27. On information and belief, Defendants have willfully infringed Plaintiff's '501 patent as set forth above. Plaintiff Ever Win expects that future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery.

28. Plaintiff Ever Win has been, and will continue to be, irreparably harmed by Defendants' infringing conduct unless Defendants are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court grant the following relief:

1.    Adjudge that Defendants have infringed the '072 patent;

2.    Adjudge that Defendants have infringed the '501 patent;

3.    Enter a preliminary and permanent injunction to enjoin Defendants from infringing the '072 patent pursuant to 35 U.S.C. § 283;

4.    Enter a preliminary and permanent injunction to enjoin Defendants from infringing the '501 patent pursuant to 35 U.S.C. § 283;

5.    Award Ever Win damages against Defendants adequate to compensate Ever Win for the infringement of the '072 patent and '051 patent pursuant to 35 U.S.C. § 284;

6.    Find that Defendants' infringement is deliberate and willful, and that the damages awarded to Ever Win be trebled pursuant to 35 U.S.C. § 284;

7.    Award Ever Win Defendants' profits for infringement of Plaintiff's Design Patents pursuant to 35 U.S.C. § 289;

9.    Award Ever Win reasonable attorney fees in accordance with 35 U.S.C. § 285;

10. Award Ever Win interest and costs; and

11. Award Ever Win such other relief as is just.

COMPLAINT FOR PATENT INFRINGEMENT

FRISENDA, QUINTON & NICHOLSON

Dated:   April 12, 2013          By:_____
                                 FRANK FRISENDA, JR.
                                 Attorneys for Plaintiff
                                 EVER WIN INTERNATIONAL CORPORATION


### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.


FRISENDA, QUINTON & NICHOLSON

Dated:   April 12, 2013          By:_____
                                 FRANK FRISENDA, JR.
                                 Attorneys for Plaintiff
                                 EVER WIN INTERNATIONAL CORPORATION

COMPLAINT FOR PATENT INFRINGEMENT

US00D626072S

(12) **United States Design Patent**    (10) Patent No.:    **US D626,072 S**
    Tseng et al.    (45) Date of Patent:    ** **Oct. 26, 2010**

(54) **DUAL USB ACTIVE CIGARETTE LIGHTER ADAPTER PLUG WITH CAPTURE**

(75) Inventors: **Joseph Shien Tang Tseng**, Diamond Bar, CA (US); **Joseph B. Sainton**, Dongguan (CN)

(73) Assignee: **Ever Win International Corporation**, City of Industry, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/349,241**

(22) Filed: **Mar. 18, 2010**

(51) **LOC (9) Cl.** .................................................. **13-03**
(52) **U.S. Cl.** .................................................. **D13/144**
(58) **Field of Classification Search** ............... D13/107, D13/118, 119, 120, 133, 144, 154, 184; D14/155; 320/65, 107, 108, 109; 363/13, 146; 439/300, 439/620, 638, 668, 669, 675, 825
        See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D392,617 | S | * | 3/1998 | Yokozawa | .................. | D13/144 |
| D400,176 | S | * | 10/1998 | Jones | .................. | D13/144 |
| D403,663 | S | * | 1/1999 | Jones et al. | .................. | D13/144 |
| D442,543 | S | * | 5/2001 | Krumenacker et al. | ..... | D13/107 |
| D463,369 | S | * | 9/2002 | Eisenbraun | .................. | D13/144 |
| D490,058 | S | * | 5/2004 | Mkhitarian | .................. | D13/144 |

| D505,389 | S | * | 5/2005 | Chang | .................. | D13/107 |
| D506,455 | S | * | 6/2005 | Bey et al. | .................. | D14/155 |
| D525,937 | S | * | 8/2006 | Seil et al. | .................. | D13/144 |
| D525,938 | S | * | 8/2006 | Seil et al. | .................. | D13/144 |
| D604,699 | S | * | 11/2009 | Yamamoto | .................. | D13/144 |

* cited by examiner

*Primary Examiner*—Daniel D Bui
(74) *Attorney, Agent, or Firm*—Joe Nieh

(57)    **CLAIM**

The ornamental design for a dual USB active cigarette lighter adapter plug with capture, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a dual USB active cigarette lighter adapter plug with capture showing our new design;

FIG. 2 is another perspective thereof;

FIG. 3 is a top view thereof on a reduced scale;

FIG. 4 is a front view thereof;

FIG. 5 is a bottom view thereof;

FIG. 6 is a left side view thereof;

FIG. 7 is a right side view thereof; and,

FIG. 8 is a rear view thereof.

The broken line showing the drawings is included for the purpose of illustrating environmental structure and forms no part of the claimed design.

**1 Claim, 8 Drawing Sheets**




*1*

EXHIBIT 1



Fig. 1



Fig. 2

*9*



Fig. 3

10



Fig. 4

11



Fig. 5



Fig. 6

*13*



Fig. 7

*14*



Fig. 8



(12) **United States Design Patent**

Chan

(10) Patent No.: **US D624,501 S**

(45) Date of Patent: ** **Sep. 28, 2010**

(54) **DUAL USB ACTIVE CIGARETTE LIGHTER ADAPTER PLUG**

(75) Inventor: **Jackson Chun Chan**, Diamond Bar, CA (US)

(73) Assignee: **Ever Win International Corporation**, City of Industry, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/348,827**

(22) Filed: **Feb. 12, 2010**

(51) **LOC (9) Cl.** ............................................... **13-03**

(52) **U.S. Cl.** ................................................ **D13/144**

(58) **Field of Classification Search** .............. D13/107, D13/118, 119, 120, 133, 144, 154, 184; D14/155; 320/65, 107, 108, 109; 363/13, 146; 439/300, 439/620, 638, 668, 669, 675, 825

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D392,617 | S | * | 3/1998 | Yokozawa | ................. D13/144 |
| D400,176 | S | * | 10/1998 | Jones | ...................... D13/144 |
| D403,663 | S | * | 1/1999 | Jones et al. | ............... D13/144 |
| D442,543 | S | * | 5/2001 | Krumenacker et al. | ..... D13/107 |
| D463,369 | S | * | 9/2002 | Eisenbraun | ............... D13/144 |
| D490,058 | S | * | 5/2004 | Mkhitarian | ............... D13/144 |
| D505,389 | S | * | 5/2005 | Chang | ...................... D13/107 |
| D506,455 | S | * | 6/2005 | Bey et al. | .................. D14/155 |
| D525,937 | S | * | 8/2006 | Seil et al. | .................. D13/144 |
| D525,938 | S | * | 8/2006 | Seil et al. | .................. D13/144 |
| D604,699 | S | * | 11/2009 | Yamamoto | ................. D13/144 |

* cited by examiner

*Primary Examiner*—Daniel D Bui

(74) *Attorney, Agent, or Firm*—Joe Nieh

(57) **CLAIM**

The ornamental design for a dual USB active cigarette lighter adapter plug, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a dual USB active cigarette lighter adapter plug showing my new design;

FIG. 2 is another perspective view thereof;

FIG. 3 is a top view thereof, on a reduced scale;

FIG. 4 is a front view thereof;

FIG. 5 is a left side view thereof;

FIG. 6 is a right side view thereof;

FIG. 7 is a bottom view thereof; and,

FIG. 8 is a rear view thereof.

The broken line shown in the drawings is included for the purpose of illustrating environmental structure and forms no part of the claimed design.

**1 Claim, 8 Drawing Sheets**





*16*

EXHIBIT 2



Fig. 1

17



Fig. 2

*18*



**Fig. 3**

*19*



Fig. 4

20



Fig. 5

21



Fig. 6

22



Fig. 7

23



Fig. 8

24



25

EXHIBIT 3





26

**EXHIBIT 4**





27





28

EXHIBIT 5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 2601 GHK (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Frank Frisenda (SB #85580)
FRISENDA, QUINTON & NICHOLSON
11601 Wilshire Blvd., Ste. 500
Los Angeles, CA 90025
Tele: 702/792-3910 Fax: 702/436-4176

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EVER WIN INTERNATIONAL CORPORATION, a
California corporation,

                                    PLAINTIFF(S)

            v.

E.S.I. CASES & ACCESSORIES, INC., a New York
corporation; and DOES 1 thru 10, inclusive,

                                    DEFENDANT(S).

CASE NUMBER

**CV13-02601** -GHK (R2x)

**SUMMONS**

TO:   DEFENDANT(S): E.S.I. CASES & ACCESSORIES, INC.

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, Frank Frisenda _____, whose address is
11601 Wilshire Blvd., Ste. 500, Los Angeles, California 90025 _____.  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                    Clerk, U.S. District Court

Dated:  APR 1 2 2013

                                    By: ANDRES PEDRO
                                        Deputy Clerk

                                        (Seal of the Court)
                                        1202

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*