KENNETH A. LINZER, ESQ. (SB # 119983)
HOBART LINZER LLP
777 South Figueroa Street
Suite 4000
Los Angeles, CA  90017
Telephone:  213 225 8900
Facsimile:   213 225 8910
E-Mail:  klinzer@hobartlinzer.com
Attorneys for Defendant ESI Cases
& Accessories, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EVER WIN INTERNATIONAL CORPORATION, a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E.S.I. CASES & ACCESSORIES, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.  CV13-02601JVS(RZ)<br><br>Judge: Hon. James V. Selna<br>Complaint filed:  April 12, 2013<br><br>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT |

Defendant ESI Cases & Accessories, Inc. ("Defendant" or "ESI") answers the Complaint of Plaintiff Ever Win International Corporation ("Plaintiff" or "Ever Win") as follows:

1. ESI presently lacks knowledge sufficient to form a belief as to the truth of the allegations of this Complaint.

2. ESI admits the allegations of paragraph 2 of the Complaint.

3. ESI admits the allegations of paragraph 3 of the Complaint.

4. This paragraph states legal conclusions as to which no responsive pleading is required.

5. ESI presently lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, but admits that a copy of U.S. Design Patent D626,072S is appended to the Complaint as Exhibit 1.

6. ESI presently lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

7. ESI presently lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, but admits that a copy of U.S. Design Patent D624,501 is attached to the Complaint as Exhibit 2.

8. ESI presently lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. ESI presently lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. ESI presently lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Paragraph 11 states legal conclusions as to which no responsive pleading is required.

12. Paragraph 12 states legal conclusions as to which no responsive pleading is required.

13. ESI repeats its responses to paragraphs 1 through 12 as if fully set forth herein.

14. ESI denies the allegations of paragraph 14 of the Complaint.

15. ESI denies the allegations of paragraph 15 of the Complaint, but admits that a photograph of an ESI "Duracell Dual Mini-Charger" is appended to the Complaint as Exhibit 4.

16. ESI denies the allegations of paragraph 16 of the Complaint.

17. ESI denies the allegations of paragraph 17 of the Complaint.

18. ESI denies the allegations of paragraph 18 of the Complaint.

19. ESI denies the allegations of paragraph 19 of the Complaint.

20. ESI denies the allegations of paragraph 20 of the Complaint.

21. ESI repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. ESI denies the allegations of paragraph 22 of the Complaint.

23. ESI denies the allegations of paragraph 23 of the Complaint, except admits that a photograph of ESI's "Duracell Dual Mini-USB Car Charger" is annexed to the Complaint as Exhibit 5.

24. ESI denies the allegations of paragraph 24 of the Complaint.

25. ESI denies the allegations of paragraph 25 of the Complaint.

26. ESI denies the allegations of paragraph 26 of the Complaint.

27. ESI denies the allegations of paragraph 27 of the Complaint.

28. ESI denies the allegations of paragraph 28 of the Complaint.

29. The prayer for relief following the numbered paragraphs of the Complaint requires no response by ESI. Nonetheless, ESI denies the propriety of any reward or relief in favor of Ever Win.

## AFFIRMATIVE DEFENSES

30. Plaintiff's claims are barred wholly or in part because Plaintiff has failed to state a cause of action for which relief may be granted.

31. ESI does not infringe any of the patents in suit, directly or indirectly, literally or under the doctrine of equivalents.

32. Ever Win's claims are barred wholly or in part as a consequence of Plaintiff's lack of standing to bring its claims of patent infringement.

33. Ever Win's claims are barred wholly or in part because the patents upon which Plaintiff's claims are based fail to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and 171.

34. Plaintiff is estopped wholly or in part from claiming infringement by ESI of the patents alleged in the Complaint as a consequence of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the alleged issuance of the patents sought by Ever Win.

35. Ever Win's patent infringement claim is barred wholly or in part by the doctrines of laches, prosecution laches, waiver, estoppel and/or unclean hands.

36. Ever Win's patents are invalid as incorporating features that are primarily functional.

37. Ever Win's patents are not infringed because the similarities between such patents and the accused products result from the functional features of Ever Win's designs.

38. Ever Win's claims for damages for patent infringement are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

39. ESI reserves the right to assert any additional defense that may become apparent or appropriate as a consequence of the further development of the factual record of this case.

WHEREFORE, ESI requests that the Court enter a judgment in favor of ESI:

(i) dismissing Plaintiff's causes of action with prejudice;

(ii) awarding ESI its litigation costs, including attorneys' fees; and

(iii) granting ESI all additional relief that the Court may deem appropriate.

## COUNTERCLAIMS

ESI Cases & Accessories, Inc. ("ESI") counterclaims against Ever Win International Corporation ("Ever Win") as follows:

1. ESI here seeks declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, confirming that ESI has not infringed Ever Win's alleged patents and that the patents claimed by Ever Win are invalid, for the reasons stated below.

2. ESI is a corporation organized under the laws of the State of New York, with a principal place of business at 240 Madison Avenue, New York, New York 10016. ESI is a licensee under the DURACELL trademark and has sold a wide variety of products bearing such mark throughout the United States, including the car chargers which are the subject of the present action.

3. The Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under Title 35 of the United States Code, which relates to patents.

4. This Court has personal jurisdiction over Ever Win as a consequence of Ever Win's having voluntarily acceded to the jurisdiction of this Court in having sued ESI here.

## COUNT I - DECLARATORY JUDGMENT
## REGARDING NON-INFRINGEMENT OF PATENT

5. ESI re-alleges as if fully set forth herein the allegations of paragraphs 1 through 4 above of these Counterclaims.

6. Ever Win alleges ownership of U.S. Design Patent Nos. D626,072 (the "'072 Patent") and D624,501 (the "'501 Patent") and has initiated the above-captioned litigation in which Ever Win alleges that ESI has infringed the '072 and '501 Patents.

7. ESI has not infringed and does not infringe the '072 and '501 Patents, either directly or indirectly, literally or under the doctrine of equivalents.

8. An actual case or controversy exists between Ever Win and ESI in light of Ever Win's initiation of the above-captioned litigation against ESI alleging infringement of the '072 and '501 Patents.

9. ESI has been damaged by Ever Win as a consequence of the initiation by Ever Win of the above-captioned litigation against ESI.

10. Declaratory relief is both appropriate and necessary to establish that ESI does not infringe either the '072 or '501 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

WHEREFORE, ESI requests that the Court enter a judgment in favor of ESI:

(i) declaring that ESI has not infringed and does not infringe the '072 or '501 Patents, either directly or indirectly, literally or under the doctrine of equivalents;

(ii) determining this case to be exceptional pursuant to 35 U.S.C. § 285 and awarding ESI its attorneys' fees and other litigation costs; and

(iii) granting ESI all additional relief that the Court may deem appropriate.

## COUNT II - DECLARATORY JUDGMENT
## REGARDING INVALIDITY OF PATENT

11. ESI re-alleges as if set forth fully herein the allegations of paragraphs 1 through 10 above of these Counterclaims.

12. Ever Win alleges ownership of the '072 and '501 Patents.

13. ESI alleges that the '072 and '501 Patents are invalid for failure to comply with one or more provisions of the patent laws - i.e., 35 U.S.C. § 1 et seq. - including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 171.

14. In particular, during prosecution of the '072 and '501 Patents, Ever Win has failed to disclose the existence of pending applications for essentially the same purported inventions, and had such disclosures been made, the '072 Patent and '501 Patents would not have issued.

15. In addition, during prosecution, Ever Win failed to disclose to the U.S. Patent and Trademark Office examiner that features of the products depicted in the patent drawings are functional, such as the construction of the tip of the charger shown in the '072 Patent, which incorporates a shape characterized by Ever Win in its sales literature as a "capture design" which functions to provide a "more secure fit."

16. Ever Win has alleged infringement of the '072 and '501 Patents by ESI in the above-captioned litigation.

17. ESI has been damaged by Ever Win as a consequence of the initiation by Ever Win of the above-captioned litigation against ESI based upon patents that are invalid.

18. Declaratory relief is both appropriate and necessary to establish that the '072 and '501 Patents are invalid, and thus may not be asserted against ESI.

WHEREEFORE, ESI requests that the Court enter a judgment in favor of ESI:

(i) declaring that the '072 and '501 Patents are invalid;

(ii) determining this case to be exceptional pursuant to 35 U.S.C. § 285 and awarding ESI its attorneys' fees and other litigation costs; and

(iii) granting ESI all additional relief that the Court may deem appropriate.

## REQUEST FOR JURY TRIAL

ESI requests a trial by jury with respect to all matters that are so triable.

Dated:  Los Angeles, California
        October 10, 2013

KENNETH A. LINZER, ESQ.
Attorneys for Defendant ESI Cases
& Accessories, Inc.

By: /s/ Kenneth Linzer
    Kenneth A. Linzer (SB # 119983)

-7-

ANSWER
CV13-02601JVS